UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| SAMIRA ZETOUN, | ) | CASE NO. 1:13CV02431 |
| | ) | |
| Plaintiff, | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM OPINION** |
| PNC BANK, JESSICA THOMAS, | ) | **AND ORDER** |
| MARK GREGG, and AMANDA | ) | |
| INGHEIM, | ) | |
| | ) | |
| Defendants. | ) | |

This matter comes before the Court on Defendants' Motion for Summary Judgment (ECF #26) on the claims of plaintiff Samira Zetoun. Defendants PNC Bank, National Association (incorrectly identified in the Complaint as "PNC Bank") (hereinafter, "PNC Bank"), Mark Gregg, Jessica Thomas, and Amanda Ighneim (incorrectly identified in the Complaint as "Amanda 'Ingheim'") (collectively, "Defendants") move for summary judgment under Federal Rule of Civil Procedure 56 on all claims against Defendants. Specifically, Defendants request summary judgment on Ms. Zetoun's claims alleging the following:

    (1)    Count I: Disability Discrimination and FMLA Violation;

    (2)    Count II: Hostile Work Environment;

    (3)    Count III: Wrongful Termination;

    (4)    Count IV: Slander and Defamation;

    (5)    Count V: Discrimination Based on Religion, Ancestry, and Race;

    (6)    Count VI: Negligent Hiring, Retention, and Supervision;

    (7)    Count VII: Negligent Infliction of Emotional Distress;

  (8)  Count VIII: Intentional Infliction of Emotional Distress;

  (9)  Count IX: Retaliation; and

  (10)  Count X: Pay discrimination.

After requesting two extensions of time to file her response to summary judgment, Plaintiff filed an untimely response on January 1, 2015. The Court had granted Plaintiff's (untimely) second request for an extension of time to respond to Defendants' Motion for Summary Judgment on December 2, 2014 (ECF #37). In that Order, the Court made clear that Plaintiff had until December 31, 2014 to file her opposition, and that "no further extensions of this deadline will be granted." Despite the Court's unequivocal deadline, Plaintiff filed her opposition on January 1, 2015, rendering it untimely. Based on Plaintiff's failure to file her opposition by the unambiguous deadline set by the Court, the Court strikes Plaintiff's opposition. *See Engineering & Manuf. Services, LLC v. Ashton*, 2008 WL 2782898 at *1 (N.D. Ohio July 15, 2008) (striking Plaintiff's brief in opposition to the defendant's motion for summary judgment as untimely). Thus, Defendants' statement of material facts is undisputed for purposes of the Motion for Summary Judgment.[1]

Even if the Court considers Plaintiff's untimely response, Defendants are entitled to summary judgment on each count of Plaintiff's complaint. Plaintiff has failed to cite any specific evidence in support of her allegations. Rather, she relies on issues of nonmaterial fact and conclusory legal arguments unsupported by facts or law. Summary judgment under Rule 56 is appropriate where the pleadings, depositions, answers to interrogatories, admissions on file, and affidavits show "that there is no genuine dispute as to any material fact and that the movant is

---

[1] Defendants' statement of undisputed facts contained in their brief in support of the Motion for Summary Judgment (ECF #26-1) is supported by the record and is incorporated herein.

entitled to a judgment as a matter of law." Fed .R. Civ. P. 56(a). "The moving party has the initial burden of proving that no genuine issue of material fact exists," and the court must draw all reasonable inferences in the light most favorable to the nonmoving party. *Vaughn v. Lawrenceburg Power Sys.*, 269 F.3d 703, 710 (6th Cir. 2001). When a motion for summary judgment is properly made and supported and the nonmoving party fails to respond with a showing sufficient to establish an essential element of its case, summary judgment is appropriate. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). With regard to the non-moving party's obligation to set out specific facts showing a genuine issue for trial, "Rule 56 does not impose upon the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment." *Williamson v. Aetna Life Ins. Co.*, 481 F.3d 369, 379-80 (6th Cir. 2007) (citation omitted). Rather, "Rule 56 allocates that duty to the opponent of the motion, which is required to point out the evidence, albeit evidence that is already in the record, that creates an issue of fact." *Id.*

Defendants' legal arguments are properly made and supported with citations to undisputed facts in the record, as Rule 56 requires. Thus, absent any evidence to support her claims, Plaintiff's complaint fails in its entirety as a matter of law. Summary judgment is granted to Defendants.

IT IS SO ORDERED.

_____
DONALD C. NUGENT
UNITED STATES DISTRICT JUDGE

DATED: February 12, 2015